LAWRENCE M. SCHWAB (Bar No. 085600)
THOMAS A. BURG (Bar No. 211937)
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Facsimile (650) 494-2738
tburg@bbslaw.com

Attorneys for Plaintiff
CISCO SYSTEMS CAPITAL CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS CAPITAL CORPORATION, a Nevada corporation;<br><br>        Plaintiff,<br><br>    v.<br><br>NEXT COMMUNICATIONS, INC. a Delaware corporation;<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br>**1. BREACH OF CONTRACT;**<br>**2. QUANTUM VALEBANT (COMMON COUNT);**<br>**3. ACCOUNT STATED (COMMON COUNT);**<br>**4. OPEN BOOK ACCOUNT (COMMON COUNT);**<br>**5. POSSESSION OF PERSONAL PROPERTY UNDER SECURITY AGREEMENT** |

Plaintiff Cisco Systems Capital Corporation ("Cisco Capital") alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and defendant Next Communications, Inc. ("Next") consented to the jurisdiction of this Court in the underlying agreements between the parties.

**INTRADISTRICT ASSIGNMENT**

3.     Assignment to the San Jose Division of this Court is appropriate under Local Rule 3-2(c).

**NATURE OF ACTION**

4.     This action is brought to enforce the terms of agreements between Next and Cisco Capital. Cisco Capital provided Next with financing for products and services it used in connection with its business operations. Next subsequently refused to pay the amounts due and owing under the operative agreements and consequently Cisco Capital was forced to bring the present action.

**THE PARTIES**

5.     Cisco Capital is a Nevada Corporation with its principal place of business in San Jose, California.

6.     Upon information and belief, Next is a Delaware Corporation with its principal place of business in Miami, Florida.

**FACTS UNDERLYING THE CLAIMS FOR RELIEF**

7.     Cisco Capital realleges paragraphs 1-6 as if set forth herein.

8.     Cisco Capital is a leading provider of financing solutions for telecommunications and computer networking equipment.

9.     Upon information and belief, Next is a provider of telecommunications services.

10.     On or about November 26, 2007, Next and Cisco Capital entered into Agreement to Lease Equipment No. 6115-MM001-0 ("Lease Agreement No. 6115-MM001-0"). A true and correct copy of Lease Agreement No. 6115-MM001-0 and related documentation is attached hereto as Exhibit A.

11.     On or about December 17, 2007, Next and Cisco Capital entered into Agreement to Lease Equipment No. 6115-MM002-0 ("Lease Agreement No. 6115-MM002-0"). A true and correct copy of Lease Agreement No. 6115-MM002-0 and related documentation is attached hereto as Exhibit B.

12.     On or about May 30, 2011, Next and Cisco Capital entered into Agreement to

Lease Equipment No. 6115-MM005-0 ("Lease Agreement No. 6115-MM005-0").  A true and correct copy of Lease Agreement No. 6115-MM005-0 and related documentation is attached hereto as Exhibit C.

13.     On or about May 5, 2011, Next and Cisco Capital entered into Agreement to Lease Equipment No. 6115-MM006-0 ("Lease Agreement No. 6115-MM006-0").  A true and correct copy of Lease Agreement No. 6115-MM006-0 and related documentation is attached hereto as Exhibit D.

14.     On or about August 16, 2011, Next and Cisco Capital entered into Agreement to Lease Equipment No. 6115-MM009-0 ("Lease Agreement No. 6115-MM009-0").  A true and correct copy of Lease Agreement No. 6115-MM009-0 and related documentation is attached hereto as Exhibit E.

15.     On or about September 16, 2011, Next and Cisco Capital entered into Agreement to Lease Equipment No. 6115-MM010-0 ("Lease Agreement No. 6115-MM010-0").  A true and correct copy of Lease Agreement No. 6115-MM010-0 and related documentation is attached hereto as Exhibit F.

16.     On or about September 26, 2011, Next and Cisco Capital entered into Agreement to Lease Equipment No. 6115-MM011-0 ("Lease Agreement No. 6115-MM011-0").  A true and correct copy of Lease Agreement No. 6115-MM011-0 and related documentation is attached hereto as Exhibit G.  Lease Agreement Nos. 6115-MM001-0, 6115-MM002-0, 6115-MM005-0, 6115-MM006-0, 6115-MM009-0, 6115-MM010-0 and 6115-MM011-0 shall be referred to collectively as the "Lease Agreements".

17.     Pursuant to the Lease Agreements, Next agreed to make monthly rental payments for the leased equipment, software and services.

18.     Next subsequently defaulted on its payment obligations under the Lease Agreements and, in November 2012, Next and Cisco Capital entered into the Lease Agreement Restructuring and Forbearance Agreement (the "Forbearance Agreement").  A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit H.  Under the Forbearance Agreement, Next agreed to make structured payments to Cisco Capital.  However, Next failed to

perform its contractual obligations under the Forbearance Agreement and Lease Agreements and Cisco Capital is now owed $1,797,641.81, not including interest, by Next.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

19.     Cisco Capital realleges paragraphs 1-18 as if set forth herein.

20.     The Lease Agreements and the Forbearance Agreement are valid and enforceable contracts.

21.     Cisco Capital performed all of the conditions, covenants and obligations required of it under the Lease Agreements and the Forbearance Agreement except to the extent that such performance was prevented, waived or excused by Next's conduct.

22.     Next breached the Lease Agreements and the Forbearance Agreement by the acts herein alleged.

23.     Next's breaches of the Lease Agreements and the Forbearance Agreement have proximately caused harm and damage to Cisco Capital in an amount in excess of $1,797,641.81 to be proven at trial.

WHEREFORE, Cisco Capital prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
(Quantum Valebant (Common Count))

24.     Cisco Capital realleges paragraphs 1-23 as if set forth herein.

25.     As described above, Cisco Capital leased products and services to Next in accordance with the Lease Agreements and at Next's request.   Next promised to pay the reasonable value and accepted and used the products and services.   Cisco Capital provided these products and services in the good faith belief it would be paid for the products and services. Next, in turn, benefitted from the products and services.   Cisco Capital is entitled to the fair and reasonable value of the products and services.

26.     Cisco Capital requested payment for the products and services through invoices sent to Next.   The fair and reasonable value of the products and services is $1,797,641.81.

27.     No payment has been made and there is now owing the sum of $1,797,641.81,

with interest as allowed by law.

WHEREFORE, Cisco Capital prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
(Account Stated (Common Count))

28.     Cisco Capital realleges paragraphs 1-27 as if set forth herein.

29.     As described above, there is now owing an account stated in writing between Cisco Capital, on the one hand, and Next on the other hand, in the amount of $1,797,641.81.

30.     Neither all nor part of that sum has been paid, although demand has been made. As a result, there is now due, owing and unpaid the sum of $1,797,641.81, with interest as allowed by law.

WHEREFORE, Cisco Capital prays for judgment as set forth below.

### FOURTH CLAIM FOR RELIEF
(Open Book Account (Common Count))

31.     Cisco Capital realleges paragraphs 1-30 as if set forth herein.

32.     Within the past four years, Next became indebted to Cisco Capital on an open book account for money due in the sum of $1,797,641.81 for products and services provided to Next at its request and for which Next agreed to pay the above sum.

33.     Neither all nor part of the sum has been paid although a demand therefor has been made, and there is now due, owing and unpaid the sum of $1,797,641.81 with interest as allowed by law.

### FIFTH CLAIM FOR RELIEF
(Possession of Personal Property Under Security Agreement)

34.     Cisco Capital realleges paragraphs 1-33 as if set forth herein.

35.     By the terms of Section 24 of the Lease Agreements, Next gave to Cisco Capital "a security interest in Lessee's right, title and interest, now existing and hereafter arising, in and to, all Equipment and any other rights to payment arising out this Lease."

36.     Cisco Capital has fully performed its obligations under the Lease Agreements. However, Next has defaulted on its obligations by, *inter alia*, failing to make payments of rent as required.

37.     Pursuant to the Lease Agreements, Next has remained in possession of the leased equipment subject to Cisco Capital's security interest.  As a further result of Next's default and pursuant to Section 18 of the Lease Agreements, Cisco Capital is entitled to take possession of the leased equipment in which Cisco Capital has a security interest.

### PRAYER FOR RELIEF

WHEREFORE Cisco Capital prays for judgment against Next as follows:

1.     For damages according to proof at trial, with interest as allowed by law;

2.     For pre and post judgment interest on the damages according to proof;

3.     For costs of suit including reasonable attorneys' fees;

4.     For an order compelling the return of the leased equipment pursuant to the Fifth Claim for Relief, and;

5.     For such other and further relief as this Court deems just and proper.

Dated: June 18 2015                    BIALSON, BERGEN & SCHWAB
                                       A Professional Corporation


                                       By: _____
                                           THOMAS A. BURG
                                           Attorneys for Plaintiff
                                           CISCO SYSTEMS CAPITAL CORPORATION